960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles M. JAMES, Defendant-Appellant.
 No. 91-5345.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 17, 1992
Decided: April 22, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CR-91-15)
 Elliott S. Newcomb, Annapolis, Maryland, for appellant.
 Richard D. Bennett, United States Attorney, Ira Lee Oring, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL, WILKINS and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles M. James appeals from the order of the district court entering judgment following his plea of guilty to possession of an unregistered sawed-off shotgun in violation of 26 U.S.C.s 5861 (1988). We affirm.
 
 
 2
 James was charged with illegal possession of the sawed-off shotgun following the shooting of his fiancee, Jacqueline Collins.* Collins had been in another room of the house speaking to Charles Veneer and was shot by James as she entered their bedroom. James did not contest the shooting; rather, he claimed that he had mistaken Collins for a burglar and shot her by accident. Collins testified similarly at the sentencing hearing, though the Government contended that this contradicted an earlier statement she had given to police.
 
 
 3
 The dispute at sentencing focused on which guideline was applicable. The Government argued that the shooting was intentional and that the assault guideline should therefore apply. United States Sentencing Commission, Guidelines Manual, § 2A2.2 (Nov. 1990). James contended that the shooting was unintentional and that U.S.S.G. § 2K2.1, applicable to firearms offenses, should be applied.
 
 
 4
 At the sentencing hearing, after a request by the court, the Government read a statement that had been given by Veneer. This statement demonstrated Veneer's belief that the shooting had been accidental. The court agreed with James, applied U.S.S.G. § 2K2.1 and sentenced him to twenty-one months, the bottom of the applicable guideline range. James filed a timely notice of appeal, claiming that the Government's failure to reveal the existence of Veneer's statement prior to the sentencing hearing constituted a Brady violation. Brady v. Maryland, 373 U.S. 83 (1963).
 
 
 5
 A defendant who pleads guilty may not attack alleged deprivations of his constitutional rights that occurred prior to the plea. Rather, the defendant ordinarily may attack only the voluntary and counseled nature of the guilty plea. United States v. Broce, 488 U.S. 563, 569 (1989). James does not argue that his guilty plea was not made knowingly or voluntarily, but asserts that had he been aware of the statement he may have been able to negotiate a more favorable plea agreement or a downward departure from the applicable sentencing range. Because James does not call into question the voluntariness of his plea, he is not entitled to relief. Id. at 574; cf. White v. United States, 858 F.2d 416, 421, 424 (8th Cir. 1988) (challenge to the voluntary and intelligent nature of defendant's guilty plea may be based on Brady violation, but defendant not entitled to relief when undisclosed information would not have altered defendant's decision to plead guilty).
 
 
 6
 Moreover, we conclude that no Brady violation occurred. A Brady violation is not shown "where the exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked." United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990). Because Veneer was the only other person present at the time of the shooting and therefore obviously an important person to interview, and was available to defense counsel, James may not take advantage of the Brady doctrine.
 
 
 7
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 James and Collins were subsequently married